THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES A. MCRAE,<br><br>                **Plaintiff,**<br>vs.<br><br>SHANNON N. MYERS,<br>DEBBIE KNAUER,<br>SARAH BROWN-FOILES,<br>SARAH JOHNSON,<br>LESLIE MCCARTY,<br>ROB JEFFREYS, and<br>J. DOE #1-12,<br><br>                **Defendants.** | )<br>)<br>)<br>)    Cause No. 3:20-cv-00410-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

    Plaintiff Charles A. McRae is a prisoner currently incarcerated at the Joliet Treatment Center ("JTC") in the Illinois Department of Corrections ("IDOC"). He filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was confined at Big Muddy River Correctional Center ("BMRCC"). (Doc. 15). His claims include violation of the Prison Rape Elimination Act ("PREA"), retaliation, and cruel and unusual punishment. He seeks monetary damages and injunctive relief.

    This case is now before the Court for a preliminary merits review of the Amended Complaint (Doc. 15) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim for

relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Amended Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations in the First Amended Complaint: In August 2008, during a previous term of incarceration, Plaintiff worked as a porter in the health care unit at BMRCC. (Doc. 15, p. 22). Defendant Myers, then a health care employee at in the dental area of BMRCC, sexually assaulted him on numerous occasions and threatened him if he revealed the fact. (*Id.*, pp. 12, 22-28). Does 1 and 2, also health care workers, were aware of the situation but took no action. (*Id.*). Plaintiff was released from BMRCC on May 9, 2009. (*Id.*, p. 28).

Immediately after release, Myers sought out Plaintiff at his supervised release site, told him she was pregnant and continued to sexually assault him on threat of parole violation. (*Id.*, p. 28). Shortly thereafter, Myers caused Plaintiff's host site to expel him and forced him to move in with her. (*Id.*, pp. 29-30). Plaintiff informed a parole officer (Doe 7) that he had no choice but to live with Myers because he had gotten her pregnant. (*Id.*, p. 30). After consulting with Myers, Doe 7 (and apparently 8) approved the housing arrangement. (*Id.*, p. 31). This situation persisted for 11 months until Plaintiff was reincarcerated. (*Id.*, p. 32). Myers threatened that Plaintiff would not see his child and that she would have his parental rights terminated if he informed anyone about her sexual assaults. (*Id.*, p. 33).

In August 2019, Plaintiff "was informed of the illegality of Defendant Myers['] actions and the criminal aspect of her actions." (*Id.*).  On August 5, 2019, Plaintiff's sister called and spoke with Defendant Brown-Foiles, an IDOC employee tasked with receiving calls about sexual assaults. (*Id.*, pp. 19, 34).  Brown-Foiles responded that it was not illegal for an employee to sexually assault Plaintiff and that it would not be prosecuted. (*Id.*, p. 34).  Plaintiff then reported the situation himself to JTC personnel, but Does 10 and 11 (the PREA coordinator and warden of JTC) refused to report his allegations to the Illinois State Police or Executive Inspector General's Office or to provide required PREA support service to Plaintiff  (*Id.*).

Plaintiff filed a grievance in August 2019 reporting the sexual assault. (*Id.*, pp. 34-35).  The grievance was denied as moot by McCarty (a member of the Administrative Review Board ("ARB")) and Jeffreys (Director of IDOC). (*Id.*, p. 35).  They also failed to report his allegations to the Illinois State Police or Executive Inspector General's Office. (*Id.*).

Plaintiff filed separate grievances at JTC regarding the lack of victim advocacy and outside counseling, and that (when he found outside services) outside counseling visits counted against his limited visitor allowance at JTC. (*Id.*, pp. 35-36).  Does 10 and 11 refused to respond, and ARB member Knauer refused to review the grievances. (*Id.*, pp. 36-37).  A subsequent grievance against Knauer was denied by Jeffreys and ARB member Johnson. (*Id.*, p. 37).

Plaintiff also names a number of other Doe defendants.  Doe 3 was the warden of BMRCC while he was incarcerated there, while Doe 4 was the PREA Compliance

Manager at BMRCC and Doe 6 was the Health Care Administrator. (*Id.*, pp. 13-15). Doe 5 was or is the PREA Compliance Manager for IDOC (*Id.*, p. 14). Doe 9 appears to be Wexford Health Sources. (*Id.*, pp. 17-18). Finally, Doe 12 is the Central Investigations Department Supervisor.

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment cruel and unusual punishment claim against Myers for sexually assaulting Plaintiff during his first incarceration and supervised release.

Count 2: Eighth Amendment failure to protect claims against Does 1-9 for failure to protect Plaintiff from Myers' sexual assaults.

Count 3: Prison Rape Elimination Act claims against Myers and Does 1-9 for sexually assaulting Plaintiff and failing to protect him from those sexual assaults.

Count 4: PREA claims against Does 10-12, Brown-Foiles, Jeffreys, Johnson, McCarty and Knauer for failing to provide PREA services to Plaintiff, investigate Plaintiff's claims or report his claims to the Illinois State Police.

Count 5: Fourteenth Amendment due process claims against Does 10-12, Brown-Foiles, Jeffreys, Johnson, McCarty and Knauer for failing to provide PREA services to Plaintiff, investigate Plaintiff's claims or report his claims to the Illinois State Police.

Count 6: First Amendment retaliation claims against Knauer, Jeffreys, Does 5, 10, and 11 for depriving Plaintiff of outside visitor privileges in order to receive outside counseling

Count 7: Conspiracy claims against Myers, McCarty, Knauer, Johnson, Jeffreys and Does 1, 2, 7, 8 and 12.

>    Count 8: State law assault, battery and sexual abuse claims against Myers.
>
>    Count 9: State law intentional infliction of emotional distress claims against Myers, McCarty, Jeffreys, Knauer, Johnson, and Does 9-12.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Preliminary Dismissals

As an initial matter, Plaintiff has failed to state any claims against Does 3, 4, 6 and 9. Plaintiff essentially alleges that these parties were responsible for his safety, were responsible for the hiring and supervision of other parties, and "knew or should have known" of potential risks to inmate safety. Section 1983 liability must be premised on personal responsibility and participation in the alleged deprivation of rights. *Backes v. Vill. of Peoria Heights, Ill.*, 662 F.3d 866, 869 (7th Cir. 2011). The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable.... The supervisors must know about the conduct

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988) (citations omitted).  Plaintiff does not allege any actions or knowledge on the part of Does 3, 4, 6 or 9 to support a claim of liability, and they will be dismissed.

## Counts 1-3

Plaintiff's claims under Counts 1-3 are barred by the applicable statute of limitations.  Although typically affirmative defenses such as the statute of limitations are litigated by the parties after service, they may be addressed on preliminary review when the defense is apparent on the face of the Complaint.  *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992).  Section 1983 claims arising in Illinois are subject to Illinois' two-year statute of limitations on personal injury claims.  *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993).  The statute of limitations begins to run when the cause of action accrues.  As the Seventh Circuit summarized:

> A cause of action accrues when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. Accrual occurs when a plaintiff knows the fact and the cause of an injury. Importantly, the cause of action accrues even though the full extent of the injury is not then known or predictable.

*Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 and 391 (2007) and *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015)).

Plaintiff's allegations in Counts 1-3 span from 2008 to 2012.  Plaintiff states that he "was informed of the illegality of Defendant Myers actions" in August 2019.  However, the statute of limitations runs from the time "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir. 2004).  There is no question that Plaintiff was aware of the injuries he alleges at the times they were inflicted, and so the time for bringing suit elapsed in 2014 at the latest.  Plaintiff's allegation that he did not appreciate the illegality of the conduct until later does not halt the clock.  As such, Counts 1-3 are dismissed with prejudice.

### Count 4

To the extent Plaintiff is attempting to bring claims for violation of PREA, there is no private right of action under that statute.  *See*, e.g., *Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507, at *4 (S.D. Ill. Feb. 17, 2017) (collecting cases and dismissing PREA claim involving a strip search and forcing inmates to march with their genitals touching one another).  Count 4 shall therefore be dismissed with prejudice.

### Count 5

Plaintiff asserts that Does 10-12, Brown-Foiles, Jeffreys, Johnson, McCarty and Knauer's failure to provide PREA services to Plaintiff, adequately investigate Plaintiff's claims or report his claims to the Illinois State Police violated his Fourteenth Amendment equal protection rights.

Plaintiff asserts a class-of-one claim.  (Doc. 15, p. 43).  "[A] class-of-one plaintiff must show (1) that he has been intentionally treated differently from others similarly

situated, and (2) that there is no rational basis for the difference in treatment." *Fares Pawn, LLC v. Indiana Dep't of Fin. Institutions*, 755 F.3d 839, 845 (7th Cir. 2014) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  Plaintiff does not, however, allege that he was treated differently from other similarly-situated prisoners.  He only states that these Defendants failed to adequately investigate, act upon or report his 8+ year old allegations.  No reference is made to different treatment for other similarly-situated inmates, and to state a class-of-one claim, "difference" is the first requirement.  According, Count 5 is dismissed.

### Count 6

To succeed on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

While filing a PREA complaint and related grievances may satisfy the first prong, Plaintiff fails to satisfy the remaining requirements.  Plaintiff does not complain that he is being deprived of visitors, only that up to five of his allotted visitor slots are taken up by outside counselors he has engaged.  This falls short of a deprivation likely to deter the report of sexual assault or failure to investigate.  Further, Plaintiff does not plead that his grievances or PREA complaint were a motivating factor in the decision to count these outside counselors against his visitor allowance.  Accordingly, Count 6 is dismissed.

### Count 7

To prevail on a conspiracy claim, "the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015).

Here, Plaintiff has not pled any facts to support his claim of conspiracy, but simply recited the elements. Such threadbare and conclusory are not adequate to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court not required to accept as true "legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). Plaintiff must provide the Court with "some specific facts to ground those legal clams." *Brooks v. Ross*, 578 F.3d 574, 581(7th Cir. 2009). Accordingly, Count 7 is dismissed.

### Counts 8 and 9

Finally, Plaintiff alleges state law tort claims for intentional infliction of emotional distress and negligence. Generally, after "a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." *Cortezano v. Salin Bank & Tr. Co.*, 680 F.3d 936, 941 (7th Cir. 2012). The Court finds that this is appropriate here, and so dismisses Counts 8 and 9.

### Disposition

For the foregoing reasons, Plaintiff's Amended Complaint (Doc. 15) is **DISMISSED without prejudice** for failure to state a claim. Counts 1-4 are **DISMISSED with prejudice**. Should Plaintiff wish to proceed with his case, he shall file a Second

Amended Complaint **on or before July 9, 2021**. It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "Second Amended Complaint" and include Case Number 20-cv-410.

The amended complaint should conform to the designation of claims into the Counts enumerated by the Court in this Order. Plaintiff shall identify by name or Doe designation, each Defendant alleged to be liable under each Count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces any prior complaint, rendering the prior complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the complaint. Thus, the Second Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after completion of the § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 7, 2021**

_____
**DAVID W. DUGAN**
**United States District Judge**